THE HONORABLE JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLA KATALIN MELEGH,<br><br>    Plaintiff,<br><br>v.<br><br>THE EMILY PROGRAM,<br><br>    Defendant. | Case No. 2:23-cv-01458-RAJ<br><br>ORDER DENYING THE MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. # 5. Based on the reasoning below, the Court **DENIES** the Motion.

## I.    BACKGROUND

Plaintiff filed suit on September 19, 2023. Dkt. # 4. She sued the Emily Program, which Plaintiff describes as a Seattle-based eating disorder treatment program. *Id*. According to the civil cover sheet filed with the complaint, Plaintiff asserts federal question jurisdiction on the basis of an alleged violation of the Americans with Disabilities Act (ADA). Dkt. # 1-2. Plaintiff alleges that she faced disability discrimination while enrolled in the program for treatment of her eating disorder when program administrators failed to provide her with a reasonable accommodation. Dkt. # 4 at 4.

ORDER - 1

Plaintiff filed pro se and was granted permission to proceed *in forma pauperis*. Dkt. # 3. According to Plaintiff, she has reached out to over twenty attorneys, but has been unable to obtain representation. Dkt. #5. Given that, Plaintiff has applied for Court-appointed counsel. *Id*.

## II.     DISCUSSION

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a pro se litigant may be better served with the assistance of counsel is not the test). Here, Plaintiff has not demonstrated that, "due to the complexity of the claims, [she is] unable to articulate [her] positions." *Rand*, 113 F.3d at 1525.

Neither the facts nor the legal issues involved in Plaintiff's disability discrimination claim appear unusually complex. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (refusing to appoint counsel where plaintiff demonstrated sufficient writing ability and the facts and issues raised were not of substantial complexity). And

although plaintiff would prefer she be represented by counsel, she has not shown that the complexity of the issues involved is sufficient to require appointment of counsel. In her Complaint, Plaintiff presents the facts clearly and adequately articulates her arguments regarding the alleged discrimination. *See Signorelli v. Hughes*, 363 Fed.Appx. 455, 456 (9th. Cir. 2010) (unpublished) (district court did not abuse discretion by denying motion for appointment of counsel when litigant was able to articulate his claims and failed to demonstrate a likelihood of success). As to the merits of her case, Plaintiff states that the Department of Justice is investigating her discrimination claim, but does not indicate that the agency has made a determination or reached a conclusion. Dkt. # 4 at 2. In the absence of further information, the Court cannot assess the likelihood of Plaintiff's success on the merits. However, given Plaintiff's ability to present arguments to the Court, it is within the discretion of this Court to deny Plaintiff's request for appointment of counsel. *See Alexander v. DiDomenico*, 324 Fed. Appx. 93 (2nd Cir. 2009) (unpublished) (not an abuse of discretion to deny motion to appoint counsel in ADA case when Plaintiff demonstrated capacity to advance arguments before the Court).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the request for appointment of counsel. Dkt. # 5.

DATED this 8th day of November, 2023.

The Honorable Richard A. Jones
United States District Judge