THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLA KATALIN MELEGH,

          Plaintiff,

     v.

THE EMILY PROGRAM,

          Defendant.

CASE NO. 2:23-cv-01458-RAJ

ORDER

     This matter comes before the Court on Defendant The Emily Program P.C.'s ("Defendant") Motion to Dismiss. Dkt. # 14. Plaintiff Daniella Melegh ("Plaintiff") opposes the motion, and Defendant filed a reply. Dkt. ## 16, 17. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

     **I.**     **BACKGROUND**

     Plaintiff filed a complaint for violation of her civil rights against Defendant in September 2023. Dkt. # 1-1. The pro se form complaint used by Plaintiff allows the movant to provide a basis for jurisdiction and explain whether Plaintiff brings a complaint against federal officials (a *Bivens* claim) or a Section 1983 claim against state or local officials in Section II. Dkt. # 1-1 at 3. Here, Plaintiff did not specify which type of suit she

ORDER – 1

intended to bring. *Id.* However, in Section III, titled "Statement of Claim," Plaintiff provides more details as to her allegations. Plaintiff claims that in July 2023, while enrolled at The Emily Program (an eating disorder treatment program), she was handed an "Orgain" drink "with a significant amount of sugar." *Id.* at 4. According to Plaintiff, she has epilepsy, and stimulants such as sugar are a seizure trigger for her. *Id.* Plaintiff states that she told the onsite nutritionist that she could not consume the "Orgain" drink in order to protect her safety. *Id.* However, according to Plaintiff, the nutritionist and other staff refused to offer her a reasonable accommodation, forcing her to leave the program due to her disability. *Id.* Plaintiff further alleges that her eating disorder worsened and her mental health deteriorated after leaving the program. *Id.* at 5. In Section V, titled "Relief," Plaintiff states that she seeks $210,000 for "severe discrimination" due to her disability so that she may enroll in another program to treat her eating disorder, $88,000 for mental anguish, a formal apology from Defendant, and for Defendant to never treat anyone else that way. *Id.* Plaintiff's Civil Cover Sheet also indicates that her suit is brought under the American with Disabilities Act. Nothing else in Plaintiff's complaint indicates that she intends to bring either a *Bivens* claim or a Section 1983 claim against federal, state, or local officials. Therefore, the Court interprets Plaintiff's pro se complaint as a claim of Disability Discrimination under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

  On September 19, 2023, the Honorable Michelle L. Peterson granted Plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. # 3. That same day, Plaintiff filed the instant complaint, Dkt. # 4, and an application for court-appointed counsel, Dkt. # 5, which this Court denied. Dkt. # 7. The docket reflects that the summons was electronically issued and provided to plaintiff on January 29, 2024. Dkt. # 8. On February 13, 2014, Plaintiff filed a Certificate of Service stating that the summons and complaint were served on The Emily Program on February 5, 2024. Dkt. # 9. On February 2, 2024, Defendant moved to

ORDER – 2

dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. Dkt. # 14. The motion is now before this Court.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). Further, Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For the purposes of a Rule 12(b)(6) challenge, the court generally considers only the allegations included in the pleadings, exhibits attached to the complaint, and matters subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the non-moving party. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.  DISCUSSION

Defendant, broadly construing Plaintiff's complaint as a Section 1983 civil rights claim and an ADA claim, contends that both claims fail as a matter of law. According to Defendant, Plaintiff's broadly construed Section 1983 claim must fail because Plaintiff fails to allege any state action[1], and the ADA claim fails because monetary damages are

---

[1] Aside from the heading of the pro se form, the complaint gives no indication that Plaintiff intends to pursue a Section 1983 action. Therefore this Court need not address Defendant's argument.

ORDER – 3

not available to private plaintiffs under Title III of the ADA. Further, Defendant argues, Plaintiff failed to serve the complaint within ninety (90) days of filing, thereby depriving this court of personal jurisdiction over Plaintiff. Dkt. # 14 at 3-7.

As an initial matter, this Court addresses Plaintiff's argument that Defendant failed to adequately meet and confer with her prior to filing the instant motion to dismiss. Dkt. # 16 ¶ 19. According to Plaintiff, during the parties' February 15, 2024 phone call Defendant's counsel pressured her to drop her lawsuit, she informed counsel that she would continue her lawsuit, and there was no discussion of a potential resolution of the suit. *Id.* Defendant disagrees with Plaintiff's characterization of the conversation, Dkt. # 17 at 2, and stated in both its motion and reply that the parties engaged in a meet and confer in compliance with this Court's rules.[2] Because it is clear from both parties' statements that the parties engaged in a meet and confer, this Court declines to deny Defendant's motion due to lack of compliance with this requirement.

### A.) Disability Discrimination Claim

Defendant seeks dismissal of Plaintiff's ADA discrimination claim, arguing that monetary damages are not available in private suits under Title III of the ADA. Dkt. # 14 at 5. Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *see also id.* § 12181(7)(F) (defining a place of "public accommodation" to include a "professional office of a health care provider, hospital, or other service establishment"). "Discrimination" includes "a failure to make reasonable accommodations in policies, practices, or procedures, when such modifications are necessary to afford such

---

[2] *See* General Motions Practice, available at: *https://www.wawd.uscourts.gov/sites/wawd/files/General%20Motions%20Practice%20%28Civil%29.pdf.*

ORDER – 4

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities…" *Id.* § 12182(b)(2)(A)(ii). The ADA defines a "disability" as a "physical or mental impairment that substantially limits one or more major life activities of" an individual. *Id.* § 12102(1)(A).

Here, there is no dispute between the parties as to Defendant's status as a "professional office of a health care provider" under the ADA. Dkt. # 14 at 5. Defendant seeks dismissal of Plaintiff's claim because a private plaintiff may only obtain injunctive relief—not monetary damages—in a Title III case. Dkt. # 14 at 5. This Court agrees. Here, in the "Relief" section of the complaint, Plaintiff states that she seeks $210,000 for the discrimination she faced and $88,000 for mental anguish. Dkt. #1-1 at 5. However, "[m]onetary damages are not available in private suits under Title III of the ADA…" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)); *see also Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) ("The enforcement provisions of Title III provide only for injunctive relief. Damages are not available to individuals."). Further, when damages are precluded as a matter of law, as here, the proper way to seek dismissal of all or part of the complaint is via a Rule 12(b)(6) motion. *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see also Doe v. Regents of University of California*, No. 2-cv-09605-LB, 2022 WL 833627, at *5 (N.D. Cal. Mar. 20, 2022) (finding that courts have dismissed claims for monetary relief that were barred as a matter of law under Rule 12(b)(6)). This Court therefore **GRANTS** Defendant's motion to dismiss Plaintiff's claim for disability discrimination under the ADA.

### B.) Personal Jurisdiction

Defendant seeks also seeks dismissal of the complaint under Rule 12(b)(5), alleging that Plaintiff failed to substantially comply with the service requirements of Rule 4, which requires that a defendant be served within 90 days of the filing of the complaint. Fed. R.

ORDER – 5

Civ. P. 4(m). Defendant requests that this Court dismiss the complaint pursuant to Rule 12(b)(5). Plaintiff opposes this request, stating that, as a *pro se* filer, she did not understand the process of serving the summons. Dkt. # 16 ¶ 23. Defendant appears to have been eventually served on February 5, 2024.

The Court must extend the 90-day time frame for service for an "appropriate period" if the plaintiff shows good cause for his or her failure to effectuate service within that time period. Fed. R. Civ. P. 4(m). However, "district courts have broad discretion to extend time for service" under Rule 4(m), and in making extension decisions, may consider factors like prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Here, Defendant received actual notice of the lawsuit and was served on February 5, 2024. Dkt. # 9. Further, there appears to have been no prejudice to Defendant, as Defendant's counsel promptly entered an appearance and has moved for dismissal of this matter. As such, this Court **DENIES** Defendant's request to dismiss the instant lawsuit pursuant to Rule 12(b)(5).

**C.) Leave to Amend**

Having dismissed Plaintiff's ADA claim, the Court next considers whether to grant Plaintiff leave to amend her Complaint to cure the deficiencies identified. The Court may grant leave to amend freely when justice so desires. Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Although Defendant's proposed order provides for dismissal with prejudice, Dkt. # 14-2, Defendant provides this Court no justification for doing so. Accordingly, the Court

ORDER – 6

will permit Plaintiff to file an amended pleading, **so long as Plaintiff does so within twenty-one (21) days of this Order**.  If Plaintiff does not make such a pleading within this timeframe, the Court may dismiss this action with prejudice *sua sponte* or by motion.

## IV.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 14. Plaintiff is granted leave to file an amended pleading within twenty-one (21) days of this Order.

DATED this 17th day of May, 2024.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7