THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLA KATALIN MELEGH,

           Plaintiff,

   v.

THE EMILY PROGRAM,

           Defendant.

CASE NO. 2:23-CV-01458-RAJ

ORDER

     This matter comes before the Court on Defendant The Emily Program P.C.'s ("Defendant" or "The Emily Program") Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. # 20. Plaintiff Daniella Melegh ("Plaintiff") did not respond to or oppose the motion.

     Plaintiff, proceeding pro se and *in forma pauperis*, initially filed a complaint for violation of her civil rights against Defendant in September 2023. Dkt. # 1-1. She alleged that in July 2023, while a client at The Emily Program (an eating disorder program), she was given an "Orgain" drink that, because of the amount of sugar in it, posed a danger to Plaintiff due to her epilepsy. *Id.* Plaintiff alleged that staff failed to provide her with a reasonable accommodation and that she was forced to leave the program due to her disability. *Id.* Alleging violations of the Americans with Disabilities Act ("ADA"), she

ORDER– 1

sought $210,000 so that she could enroll in another eating disorder program, $88,000 for mental anguish, and a formal apology from Defendant. *Id.*

In February 2024, The Emily Program moved to dismiss the complaint for failure to state a claim and lack of personal jurisdiction. Dkt. # 14. This Court granted Defendant's motion to dismiss, finding that monetary damages were not available to a private plaintiff in a case brought under Title III of the ADA. Dkt. #18 at 5. This Court dismissed the complaint with leave to amend. *Id.* at 7. On June 6, 2024, Plaintiff filed the First Amended Complaint. Dkt. # 19. The instant complaint provides fewer factual allegations, but Plaintiff again alleges that The Emily Program failed to provide her with a reasonable accommodation and violated the ADA and Section 504 of the Rehabilitation Act. Dkt. # 19 at 6-7. Plaintiff also states, "[i]t cannot be ruled out that Plaintiff's perceived race was not one of the reasons for Defendant's prohibited actions against Plaintiff," although Plaintiff makes no factual allegations in support of a claim of race discrimination. Further, Plaintiff referenced a disability discrimination complaint that she filed with the United States Attorney's Office for the Western District of Washington, and a subsequent investigation by the government. Dkt. # 19, Ex. 1.

On August 19, 2024, Plaintiff filed an Attachment to Plaintiff's First Amended Complaint, which consists of an August 9, 2024 Settlement Agreement between the United States and The Emily Program. Dkt. # 23. According to the Agreement, the investigation was initiated after a complaint from "D.M.," in which the complainant alleged that The Emily Program refused to provide reasonable accommodations—specifically, concerning dietary restrictions— to its policies and practices necessary to accommodate her epilepsy. *Id.* at 2. The Agreement states that it is not an admission of liability on the part of The Emily Program. *Id*. at 3.

The Agreement provides for various equitable relief concerning procedures for providing reasonable accommodations for disabled patients and contains training

ORDER– 2

requirements and a monitoring, compliance, and enforcement plan. *Id.* Further, it provides for monetary relief in the form of a $15,000 payment to be made by The Emily Program to D.M. *Id.* at 9. Plaintiff, by her own admission, appears to have obtained monetary relief from The Emily Program, and The Emily Program has agreed to equitable relief, including detailed procedures for handling requests for reasonable accommodations. Therefore, each party shall submit to this Court a short and plain statement no longer than five (5) pages setting forth its position on the potential mootness of Plaintiff's claims. *See Whitaker v. Aguilar*, No. 21-cv-06897-EMC, 2022 WL 30992233, at *4 (N.D. Cal. Aug. 4, 2022) ("A claim may become moot if (1) subsequent events have made it clear that the alleged wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.") (citing *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1274 (9th. Cir. 1998)); *see also Johnson v. 1082 El Camino Real, LP*, No. 17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) (finding an ADA claim moot and the Court without jurisdiction where "the undisputed evidence shows that Defendants have corrected the sole alleged access barrier alleged in the complaint").

Accordingly, the Court **ORDERS** the parties to respond to the question above as to the potential mootness of the First Amended Complaint no later than **seven (7) days** from the date of this Order. Failure to file a response will result in dismissal of the case.

DATED this 30th day of August, 2024.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER– 3