HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLA KATALIN MELEGH, | CASE NO. 2:23-cv-01458-RAJ |
| Plaintiff, | ORDER |
| v. | |
| THE EMILY PROGRAM, P.C., | |
| Defendant. | |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant The Emily Program, P.C. ("Defendant" or "The Emily Program")'s Motion to Dismiss Plaintiff's First Amended Complaint.  Dkt. # 20.  Plaintiff Daniella Melegh ("Plaintiff") did not file a response opposing Defendant's motion.

The Court ordered the parties to show cause as to why a settlement agreement does not render this case moot.  Dkt. # 24.  The parties responded to the Order accordingly.  Dkt. ## 25, 26.

For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss.  Plaintiff's claim for disability discrimination under the ADA and other federal

ORDER – 1

statutes is **DISMISSED AS MOOT**, and her claim for discrimination under Title VI of the Civil Rights Act is **DISMISSED WITHOUT PREJUDICE**.

## II.    BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initially filed a Complaint for violation of her civil rights against Defendant in September 2023.  Dkt. # 1-1.  In her Complaint, she alleged that in July 2023, while a client at The Emily Program, a facility that treats individuals with eating disorders, program staff gave her an "Orgain" drink that posed a danger to Plaintiff due to her preexisting epilepsy and the drink's sugar content. *Id.* at 4.  She further claimed that staff failed to provide her with a "reasonable accommodation," prompting her to leave the program "due to discrimination against [her] disability" and "no longer [feeling] welcome." *Id.*  Alleging violations of the Americans with Disabilities Act ("ADA"), Plaintiff sought $210,000 so that she could enroll in another program tailored to treating eating disorders, $88,000 for mental anguish, and a formal apology from Defendant. *Id.* at 5.

In February 2024, Defendant moved to dismiss the complaint for failure to state a claim and lack of personal jurisdiction.  Dkt. # 14.  The Court granted the Motion to Dismiss, finding that monetary damages were not available to a private plaintiff in a case brought under Title III of the ADA.  Dkt. # 18 at 5.  The Court dismissed the Complaint with leave to amend. *Id.* at 7.  Subsequently, Plaintiff filed her First Amended Complaint. Dkt. # 19.

Plaintiff's First Amended Complaint provides fewer factual allegation than the original pleading, but Plaintiff re-asserts her claim for disability discrimination under various federal statutes, including the ADA. *Id.* at ¶¶ 26-34.  Notably, Plaintiff also alleges racial discrimination under Title VI of the Civil Rights Act of 1964, although she makes no specific factual allegations to support such a claim. *Id.* at ¶¶ 35-37.  Further, Plaintiff alludes to a disability discrimination complaint that she filed with the United States

ORDER – 2

Attorney's Office for the Western District of Washington, as well as a subsequent investigation by the government.  Dkt. # 19-1.

On August 19, 2024, Plaintiff filed an attachment to her First Amended Complaint, which consists of an August 9, 2024, Settlement Agreement (the "Agreement") between the United States and The Emily Program.  Dkt # 23.  According to the Agreement, the government initiated the aforementioned investigation after receiving a complaint from an individual referred to as "D.M.," in which the complainant alleged that The Emily Program refused to provide reasonable accommodations—specifically, concerning dietary restrictions—to its policies and practices necessary to accommodate her epilepsy.  *Id.* at 2. The Agreement states that it is not an admission of liability on the part of The Emily Program.  *Id.* at 3.

The Agreement provides for various forms of equitable relief concerning procedures to make reasonable accommodations for disabled patients and contains training requirements in conjunction with a monitoring, compliance, and enforcement plan.  *Id.* at 3-10.  It also provides for monetary relief in the form a $15,000 payment to be made by The Emily Program to D.M.  *Id.* at 9.  Thus, Plaintiff appears to have obtained monetary relief from The Emily Program, and The Emily Program has agreed to provide equitable relief, such as outlining detailed procedures for handling requests for reasonable accommodations.

Because of these facts, the Court determined that Plaintiff's ADA claim may be moot.  Accordingly, the Court ordered each party to submit a short and plain statement no longer than five (5) pages setting forth its respective position on the potential mootness of Plaintiff's claims.

After reviewing the parties' responses, the Court finds that Plaintiff's claim for disability discrimination under the ADA and other federal statutes is moot.  The Court also finds that Plaintiff does not sufficiently plead a Title VI racial discrimination claim,

ORDER – 3

although it is proper to allow Plaintiff leave to amend her complaint as it relates to this claim only.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may also consider evidence subject to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe her "complaint[] liberally even when evaluating it under the *Iqbal* standard."  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).  "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs.'"  *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

ORDER – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV.  DISCUSSION

**A.  Disability Discrimination Under the ADA and Other Federal Statutes**

       *i.*     *ADA Claim*

In its response to the Court's order, Defendant avers that "the claims in Plaintiff's First Amended Complaint have been rendered moot by The Emily Program's agreement to institute additional procedures to make reasonable accommodations for dietary modifications within its programs and services." Dkt. # 25 at 1-2.  The Court concurs with this reasoning.

"A claim may become moot if (1) subsequent events have made it clear that the alleged wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Whitaker v. Aguilar*, No. 21-cv-06897-EMC, 2022 WL 3099223, at *4 (N.D. Cal. Aug. 4, 2022) (citing *Norman-Bloodshaw v. Lawrence Berkely Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998)); *see also Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) (finding an ADA claim moot and the Court without jurisdiction where "the undisputed evidence shows that Defendants have corrected the sole alleged access barrier alleged in the complaint.").

Here, the Agreement highlights that Defendant has delineated specific steps to ensure that Plaintiff's claims cannot reasonably be expected to recur.  Defendant states it "will make reasonable modifications to meal plans, program participation expectations, and food provided when necessary for individuals with disabilities to participate in The Emily Program's services." Dkt. ## 23 at 3-7; 25 at 2.  Defendant also provides that it will notify each patient upon acceptance into The Emily Program of his or her opportunity to disclose dietary restrictions and request reasonable modifications. Dkt. # 23 at 3-5.

The Court previously ruled, in following established precedent, that Plaintiff is not entitled to monetary damages for her claim under Title III of the ADA.  Dkt. # 18.  Because Defendant has outlined the reasonable accommodations it will provide to its participants

ORDER – 5

and the modifications to the program's procedures, the court dismisses Plaintiff's ADA claim as moot.  *See Rocca v. Lidgi*, No. CV 17-1631-GW(Ex), 2017 WL 11635414, at *5 (C.D. Cal. Nov. 30, 2017) (ruling that a request for injunctive relief "remains live only so long as there is some present harm left to enjoin.").

*ii.*    *Discrimination Claims Under Other Federal Statutes*

Plaintiff argues that "this Court has considered none of those other federal laws' [sic] violations presented within the First Amended Complaint."  Dkt. # 26 at 2.  Although it is difficult to discern the issues Plaintiff is referencing, the Court notes that Plaintiff also pleads disability discrimination under Section 504 of the Rehabilitation Act and Section 1557 of the Affordable Care Act.  Dkt. # 19 at 7-8.  For the reasons stated, *infra*, the Court finds that the Agreement moots these claims to the same effect they moot Plaintiff's disability discrimination claim under the ADA.

Courts in this Circuit have found the elements of a claim under the Rehabilitation Act identical to those of a claim under the ADA.  *See Niimi-Montalbo v. White*, 243 F. Supp. 2d 1109, 1121-22 (D. Haw. 2003) ("[t]he Rehabilitation Act, like the ADA, proscribes discrimination against a qualified individual with a disability because of the disability . . . ."); *Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1104 (D. Alaska 2023) ("elements of a *prima facie* Section 504 claim mirror those of an ADA claim.").  Accordingly, Plaintiff's claim under Section 504 of the Rehabilitation Act is moot, as this claim is interchangeable with and stems from Plaintiff's ADA claim.

Plaintiff's claim under Section 1557 of the Affordable Care Act is moot for a similar reason.  Plaintiff fails to allege any specific practices by Defendant that violated this provision, and the Ninth Circuit has analyzed Section 1557 and the Rehabilitation Act under the same lens.  *See Bax v. Doctors Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 873 (9th Cir. 2022) ("the plain text of Section 1557's disability discrimination provision incorporates the Rehabilitation Act . . . .").  The Agreement, in detailing the procedures Defendant will make to ensure there are reasonable accommodations for disabled

ORDER – 6

participants, moots any disability discrimination claim asserted by Plaintiff, regardless of which statute she cites.

Moreover, it is difficult to determine Plaintiff's intent in citing to various federal statutes alleging disability discrimination, as they all relate back to her ADA claim. It is unclear if they are cited to buttress her ADA claim or are new causes of action. Plaintiff is simply citing the statutes without describing specific conduct on the part of Defendant that would violate them. Although the Court just analyzed these statutes, there is an argument that they need not be addressed to begin with. *See Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("[a] judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

The court **GRANTS** Defendant's Motion to Dismiss Plaintiff's disability discrimination claim.

## B.  Racial Discrimination Under Title VI of the Civil Rights Act

Although she does so in merely one sentence, Plaintiff alleges that Defendant violated Title VI of the Civil Rights Act by discriminating against her based on race. She claims "[i]t cannot be ruled out that [her] perceived race was not one of the reasons" for the alleged discrimination. Dkt. # 19 at ¶ 35. Because the Agreement covered disability discrimination only, the Court must analyze whether Plaintiff sufficiently pleads a racial discrimination claim.

To state a claim under Title VI of the Civil Rights Act of 1964, a plaintiff must allege that a defendant "acted with an intent or purpose to discriminate based upon plaintiff's membership in a protected class." *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 522 (9th Cir. 2011) (internal citation and quotation marks omitted). Failing to allege "any particular incidents forming the basis of [a] complaint for racial discrimination under Title VI" constitutes a failure to allege a viable claim under the statute. *See Johnson*

ORDER – 7

*v. Pierce Cnty.*, No. 3:21-cv-05841-DGE, 2021 WL 6062632 (W.D. Wash. Dec. 22, 2021).

Here, the sole reference to racial discrimination is the conclusory statement that "[i]t cannot be ruled out that [her] perceived race was not one of the reasons" for the alleged discrimination.  Dkt. # 19 at ¶ 35.  Plaintiff's First Amended Complaint contains no other allusion to racial discrimination.  Accordingly, Plaintiff fails to plead sufficiently that any alleged discrimination was intentional or purposeful, the requisite standard prescribed by the Ninth Circuit.  *See Darensburg*, 636 F.3d at 522.  The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's racial discrimination claim.

## C.    Leave to Amend

 Having dismissed Plaintiff's racial discrimination claim under Title VI, the Court next considers whether to grant Plaintiff leave to amend her Complaint to cure the deficiencies identified.  The Court may grant leave to amend freely when justice so desires. Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities."  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  The policy of favoring amendments to pleadings should be applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The court finds it in the best interest of justice to grant Plaintiff leave to file an amended pleading relating to her racial discrimination claim only, as the disability discrimination claim has been rendered moot by the Agreement.  *See McQuillion*, 369 F.3d at 1099 ("leave to amend . . . should be granted more freely to *pro se* plaintiffs.").

**Plaintiff shall have twenty-one (21) days of this Order to file an amended pleading.**  If Plaintiff does not make such a pleading within this timeframe, the Court may dismiss this action with prejudice *sua sponte* or by motion.

ORDER – 8

## V.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.  Dkt. # 20.  Plaintiff is granted leave to file an amended pleading *relating to her racial discrimination claim only* within twenty-one (21) days of this Order.  Defendant is not required to file a response to the amended complaint until after the Court has had the opportunity to determine if it has any merit.


Dated this 24th day of September, 2024.


The Honorable Richard A. Jones
United States District Judge

ORDER – 9